IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREY APONTE,

    Plaintiff,

v.

DR. SUILENE, DR. SPRING, DR. HEINZL,
DR. MARTIN, HSU MANAGER N. WHITE,
HSU MANAGER ANDERSON, NURSE
JEREMY BREHM, NURSE JOE REDA,
NURSE STRECKER, LT. MORRISON,
SGT. ANDERSON, SGT. TULLEY AND
JOHN AND JANE DOES,

    Defendants.

ORDER

Case No. 14-cv-132-wmc

Plaintiff Andrey Aponte, a prisoner incarcerated at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed without prepaying the fee. (Dkt. #2). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, he must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly balance is $41.04, and 20% of the average monthly deposits made to his account is $4.76. Because the greater of the two amounts is

1

20% of the average monthly balance, or $41.04, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before March 13, 2014.

Plaintiff has filed a motion to use his inmate release account to pay the filing fee in this case. (Dkt. #4). The federal *in forma pauperis* statute suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $41.04 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

In addition, the court notes that plaintiff has filed a motion for "appointment of counsel." (Dkt. #5). It is well established that civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible

plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867. Until the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A, any motion requesting the assistance of volunteer counsel must be denied as premature. The court will reconsider plaintiff's request after it has completed the screening process.

ORDER

IT IS ORDERED that,

1. Plaintiff Andrey Aponte is assessed $41.04 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $41.04 on or before March 13, 2014. If, by March 13, 2014, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

2. Plaintiff's motion to use release account funds (dkt. #4) to pay the initial partial payment he has been assessed in this case is GRANTED in part as explained in this order.

      3.      Plaintiff's motion for appointment of counsel (Dkt. #5) is DENIED without prejudice to reconsideration.

      4.      No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 24th day of February, 2014.

                      BY THE COURT:

                      /s/
                      PETER OPPENEER
                      Magistrate Judge