IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREY APONTE,

                Plaintiff,                              ORDER

      v.                                                14-cv-132-jdp

DR. DALIA SULIENE, *et al.*,

                Defendants.

---

Andrey Aponte, a prisoner incarcerated at the Columbia Correctional Institution, is proceeding on multiple Eighth Amendment deliberate indifference claims and state-law medical malpractice claims based on his allegations that prison officials failed to give him proper medical treatment and failed to restrict him from working following abdominal surgery. Before the court are three motions:

**I. Motion for Assistance in Recruiting Counsel**

Plaintiff has renewed his motion for the court's assistance in recruiting counsel to assist him with this case, raising reasonable concerns about his ability to litigate a case about proper medical treatment. In deciding whether to try to recruit counsel for plaintiff, I must first find that he has made a reasonable effort to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Plaintiff supported his previous motion with several rejection letters from attorneys, which suffices to show a reasonable effort. Nonetheless, a court will seek to recruit counsel for a pro se litigant only when he demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff's earlier motion was denied as premature, as it came

before the complaint was screened. Plaintiff's renewed motion is premature as well because the case has not progressed sufficiently to allow a determination of the true complexity of the claims. The case has not even progressed to the phase in which defendants often move for summary judgment based on plaintiff's failure to exhaust his administrative remedies, an issue for which plaintiff does not need a lawyer's assistance. I will deny plaintiff's motion as premature, but he is free to renew it later in this case.

II. Motion to Substitute Party

The Wisconsin Department of Justice accepted service on behalf of several of the defendants but has declined to accept service for several others, including the defendant identified in plaintiff's complaint as "Dr. Spring." The notice of acceptance of service submitted by the state identified this defendant as "Dr. Noah Spring" and stated that Dr. Spring no longer worked for the Department of Corrections. The United States Marshals Service then served Noah Spring with the complaint. Now, apparently after consulting with Noah Spring, the state asserts that "Dr. Spring" was incorrectly identified as Noah Spring and has filed a motion to substitute Dr. *Fern* Springs as the proper defendant. The state attaches an affidavit from Noah Spring explaining that he served as a psychology intern with the DOC from July 2010 to July 2011 (not the period during which plaintiff states that "Dr. Spring" violated his rights) and was never involved with plaintiff's medical care. Plaintiff was given a chance to respond but has not done so, so I understand the motion to be unopposed. Accordingly, I will grant the motion to substitute. The state does not explain whether it will accept service on behalf of now-defendant Dr. Springs. If DOJ does not accept service, then I will direct the Marshal to accomplish service.

**III. Motion for Stay under Wis. Stat. Chap. 655**

Finally, defendant Glen Heinzl has filed a motion to stay the proceedings "pending fulfillment of the requirements of [Wis. Stat.] Chapter 655" regarding plaintiff's malpractice claim against him, or alternatively for the medical malpractice claim to be dismissed.[1]  Under Wis. Stat. § 655.455, a plaintiff bringing malpractice claims must submit in person or send by registered mail a request for mediation with the director of state courts before any discovery can be made or a scheduling conference or trial can be held on the malpractice claim. Plaintiff did not file a response to Heinzl's motion.

Although Chapter 655 does not bind the court with regard to resolution of plaintiff's other Eighth Amendment claims or his malpractice claims against state employees, the court would rather litigate all of plaintiff's claims at the same time. Because the case is already in a holding pattern until defendant Springs is served and files a responsive pleading, I will deny Heinzl's motion for a stay as unnecessary, but plaintiff now faces a choice: if he chooses to mediate the malpractice claim against Heinzl, then plaintiff will have to submit his request by registered mail to the director of state courts.[2] Plaintiff's other option is to voluntarily dismiss the malpractice claim, and this federal lawsuit will immediately proceed.  I will give plaintiff a short deadline to explain his intentions to the court and to defendants.

---

[1] Defendant Heinzl asserts that chapter 655 applies to him because he is not a state employee, unlike the other defendants.  *See* Wis. Stat. § 655.003 ("Exemptions for public employees and facilities and volunteers").  At this point, because plaintiff did not file a response I will assume this proposition to be true.

[2] The address for the director of state courts is 16E Capitol Building, P.O. Box 1688, Madison, WI 53701-1688. Plaintiff should refer to Wis. Stat. § 655.44 for what must be contained in his mediation request.

ORDER

It is ORDERED that:

(1) Plaintiff's renewed motion for the court's assistance in recruiting him counsel, dkt. 16, is DENIED without prejudice.

(2) Defendants' motion to substitute Dr. Fern Springs for defendant Noah Spring, dkt. 33, is GRANTED.

(3) Defendant Glen Heinzl's motion to stay the case, dkt. 28, is DENIED as unnecessary.

(4) Plaintiff may have until September 25, 2014 to explain whether he will pursue mediation on his malpractice claim against defendant Heinzl or voluntarily dismiss that claim.

Entered this 11th day of September, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge