IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREY APONTE,

                Plaintiff,

v.

DR. SULIENE, DR. FERN SPRINGS, DR. MARTIN,        ORDER
HSU MANAGER N. WHITE,
HSU MANAGER ANDERSON, NURSE JOE REDA,        14-cv-132-jdp
NURSE STRECKER, LT. MORRISON,
SGT. ANDERSON, SGT. TULLEY
and JOHN AND JANE DOES,

                Defendants.

---

Plaintiff Andrey Aponte, a prisoner incarcerated at the Stanley Correctional Institution, brings Eighth Amendment and state-law negligence and medical malpractice claims against prison officials for failing to restrict him from work following abdominal surgery and then failing to give him proper medical treatment. Plaintiff has filed a series of motions.

A. **Preliminary injunctive relief**

Plaintiff filed a motion titled "Imminent Danger of Serious Physical Injury" that I will construe as a motion for preliminary injunctive relief. Dkt. 52. Plaintiff states that even after having corrective surgery for hernias, he continues to experience pain and believes that he may need further treatment. He states that he had an appointment with an outside surgeon scheduled, but the appointment was cancelled because the Columbia Correctional Institution was placed on lockdown.

I will deny plaintiff's motion without prejudice. He does not comply with this court's procedure to be followed on motions for injunctive relief. Under these procedures, a plaintiff

must file with the court and serve on defendants proposed findings of fact supporting his claim, along with any evidence he has to support those findings and his request for relief. In addition, plaintiff has been transferred to the Stanley Correctional Institution, so the problem with the lockdown at CCI no longer appears to be a barrier to treatment. If plaintiff does choose to renew his motion, he will need to explain in more detail why he believes treatment is necessary and what prison officials are currently doing to block appropriate treatment. I will attach to this order the court's procedures for briefing motions for injunctive relief.

B.  Amended complaint

Plaintiff was granted leave to proceed on several claims against John and Jane Doe staff members. *See* Dkt. 9. The court set a schedule for plaintiff to identify the Doe defendants through discovery and to amend his complaint to name those defendants. Pursuant to this schedule, plaintiff has filed a motion to amend the complaint and an amended complaint. I will accept the amended complaint as the operative pleading. Plaintiff's allegations are virtually identical. But he states that he has "decided not to name any of the doe defendants as named defendants and has placed their name[s] into the suit just to explain what they did." Dkt. 70, at 1. He requests that they be removed from the caption. I will grant that request and dismiss them from the case.

C.  Recruitment of counsel or expert

Plaintiff renews his motion for the court's assistance in recruiting him counsel. Dkt. 68. Plaintiff has also filed a motion for appointment of a medical expert under Federal Rule of Evidence 706. Dkt. 77. Plaintiff's previous motion for counsel was denied as

premature, in part because the case has not yet passed the exhaustion phase of the proceedings. Dkt. 41, at 1-2.

Plaintiff notes that the deadline for exhaustion-based motions has passed and argues that his claims will require expert testimony on medical issues. But I am not yet convinced that the case will come down to complex medical issues outstripping plaintiff's ability to litigate them. As defendants state in their brief opposing appointment of an expert, the main issues in the case are whether defendants unreasonably forced plaintiff to work following his surgery and whether medical professionals delayed in giving him appropriate treatment, including sufficient pain medication. Without summary judgment materials from either party, it is unclear precisely what factual disputes exist and whether those disputes may only be resolved with expert testimony. Nothing in the record indicates that plaintiff will be unable to respond to a motion for summary judgment likely to be filed by defendants shortly. I will deny plaintiff's current motions without prejudice to him renewing them at the summary judgment stage.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrey Aponte's motion for preliminary injunctive relief, Dkt. 52, is DENIED without prejudice.

2. Plaintiff's motion to amend the complaint, Dkt. 70, is GRANTED. Plaintiff's amended complaint, Dkt. 71, is accepted as the operative pleading.

3. Defendants John and Jane Does are DISMISSED from the case.

4. Plaintiff's motions for recruitment of counsel, Dkt. 52, and for appointment of an expert, Dkt. 77, are DENIED without prejudice.

Entered February 23, 2016.

         BY THE COURT:

         /s/

         _____
         JAMES D. PETERSON
         District Judge